IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL R. REINACHER ,

    Plaintiff,

vs.

ALTON & SOUTHERN
RAILWAY COMPANY,

    Defendant.

Case No. 14-cv-01353-JPG-DGW

**MEMORDANUM AND ORDER**

This matter comes before the Court on defendant Alton & Southern Railway Company's ("A&S") Motion (Doc. 26) for Partial Summary Judgment. Plaintiff filed a timely response (Doc. 32) and defendant filed a reply (Doc. 34). Local Rule 7.1 states that reply briefs are not favored and should only be filed in exceptional circumstance. It further requires that any reply brief, "shall state the exceptional circumstances." Defendant has stated exceptional circumstances and the Court will consider the defendant's reply brief.

**1. Background.**

According to the complaint (Doc. 2), this action arises under the "Americans with Disabilities Act" with regard to disparate impact, failure to accommodate, and retaliation. In 2008, plaintiff was employed by the defendant as a "carman" when he began having "seizure or seizure-like" symptoms. He then had a heat-related incident in 2011. The complaint indicates that, "since at least January 4, 2012," the defendant has not "provided the plaintiff with any work assignments or opportunities for earing income."

The complaint goes on to allege that the defendant failed to provide the plaintiff "reasonable accommodation" in violation of the ADA and that the defendant has a, "*per se* rule against

permitting any employee who has any history of any sort of seizure or seizure disorder from performing any work for defendant which work includes or might include (a) operating company vehicles, (b) working around live/active train tracks, (c) working at unprotected heights over three feet off the ground, (d) working jobs that require the use of fall protection devices, (e) operating welding equipment or cutting torches, (f) working in confined spaces."

Defendant's motion for partial summary judgment indicates that the plaintiff has, "had three loss of consciousness events" between January 2008 and July 2011.  After the third event, defendant states that the plaintiff was required to undergo a "fitness for duty evaluation" and that the evaluation concluded that the plaintiff had a seizure disorder.  Due to the disorder, plaintiff was placed on various work restrictions.  The defendant's motion also indicates that plaintiff's last day of active work was July 3, 2011; however, the "Plaintiff has not been terminated, but is on a leave of absence" after "neither he, Plaintiff's union, nor A&S offered any way to accommodate" certain restrictions.

Defendant moves for partial summary judgment with regard to:  "(1) Plaintiff's disparate impact and retaliation claims, which fail either for failure to exhaust required administrative remedies or on the merits; (2) Plaintiff's failure to accommodate claim, against due to failure to exhaust administrative remedies; (3) any claim Plaintiff is pursuing stating that A&S failed to accommodate any perceived disability; and (4) any claim Plaintiff is making for punitive or emotional distress damages under either a disparate impact or retaliation theories."

**2.  Standard.**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind.,*

*Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings, but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

**3. Analysis.**

The Complaint alleges that, "Defendant unlawfully retaliated against plaintiff on account of his efforts to resist and oppose defendant's violation(s) of the ADA." (Doc. 2, ¶ 25). Defendant argues that plaintiff's retaliation claim was not included in plaintiff Equal Employment Opportunity Commission ("EEOC") charge and therefore, plaintiff's retaliation claim fails for failure to exhaust administrative remedies.

Plaintiff has filed a motion (Doc. 31) to voluntarily dismiss his claim with regard to the ADA retaliation claim. As such, it appears that both parties agree that the plaintiff's ADA retaliation claim should be dismiss. The Court will dismiss the ADA retaliation claim without further analysis based on defendant's motion for partial summary judgment, because the plaintiff

cannot voluntarily dismiss the claim without leave of court since a motion for summary judgment has been filed. *See* Fed.R.Civ.P. 41(a)(1)(A)(i).

Next, Defendant argues that plaintiff's retaliation claim fails for plaintiff's failure to exhaust. Defendant further argues that an employer is not required to make accommodation for a perceived disability. With regard to exhaustion, plaintiff's EEOC charge states, "I received a letter from Supervisor Richard Wolff stating that I needed to come up with a way that the company could accommodate me to perform my duties." (Doc. 27-1).

> This Court has held that a plaintiff is barred from raising a claim in the district court that had not been raised in his or her EEOC charge unless the claim is reasonably related to one of the EEOC charges and can be expected to develop from an investigation into the charges actually raised.

*Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999).

Courts have also held that a refusal to accommodate is a discrete act and not an ongoing omission. *See Teague v. Nw. Mem'l Hosp.*, 492 F. App'x 680, 684 (7th Cir. 2012); *Tobin v. Liberty Mut. Ins. Co.,* 553 F.3d 121, 130–31 (1st Cir.2009); *Mayers v. Laborers' Health & Safety Fund of N. Am.,* 478 F.3d 364, 368 (D.C.Cir.2007); *see also Proctor v. United Parcel Service,* 502 F.3d 1200, 1210 (10th Cir.2007).

There is nothing in the Plaintiff's EEOC charge or the Plaintiff's Complaint that indicates the plaintiff requested, and was refused, a specific accommodation. Plaintiff's response simply states that the, "Plaintiff raised in his Complaint and in his charge of discrimination an allegation that defendant failed to accommodate plaintiff's disability." He does not go beyond that statement with regard to raising the issue of accommodations within his EEOC charge. As the Seventh Circuit Court of Appeals has repeatedly stated, "summary judgment is the 'put up or

4

shut up' moment in the life of a case." *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 612 (7th Cir. 2008).

It is clear from Plaintiff's EEOC charge that the A&S asked the Plaintiff to inform it of any accommodations, but there is nothing in the EEOC charge to indicate A&S failed to make any requested accommodations. As such, Plaintiff failed to exhaust his administrative remedies with regard to his failure to accommodate claim. Finding that the plaintiff failed to exhaust on this claim, the Court will not discuss defendant's argument that an employer is not required to make accommodation for a perceived disability.

Finally, defendant argues that plaintiff's disparate impact claim should be dismissed for plaintiff's failure to address disparate impact and/or reference any policy or rule in his EEOC complaint. As stated above, the plaintiff is barred from raising a claim that had not been raised in his EEOC charge unless the claim is reasonably related to, or can be expected to develop from an investigation, into the charges actually stated. *See Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999).

In this case, it could be argued that a *per se* rule against "any employee who has a history of any sort of seizure or seizure disorder" would be reasonably related to an EEOC charge that an individual was discriminated against due to a seizure disorder.[1] However, the plaintiff does not make the argument. Forsaking the opportunity to make the argument, it is waived. *See Edward E. Gillen Co. v. City of Lake Forest,* 3 F.3d 192 (7th Cir. 1993).

Instead, the plaintiff's response states that the, "Plaintiff's Complaint does not assert a "disparate impact theory." (Doc. 32). The first page of the Plaintiff's complaint states: "Disparate Impact, Failure to Accommodate, and Retaliation." Plaintiff claims that the,

---

[1] The Court notes that there is a debate whether the plaintiff has a seizure disorder or whether he is perceived as having a seizure disorder. However, both parties agree that the plaintiff has had seizures in the past.

"Defendant apparently misunderstands the nature of plaintiff's claim." He further states that his claim is a "disparate treatment" claim and not, as stated in the complaint, a claim of "disparate impact."

Defendant's reply argues that, "Plaintiff also acknowledges that he does not have a viable disparate impact claim" and that the Plaintiff, "offers no explanation why the phrase 'disparate impact' appears in his Complaint or why he required A&S to dispose home on this claim and file a summary judgment motion if he never actually intended to bring such a claim."

It appears to the Court that the parties – or at the very least the defendant – engaged in discovery and dispositive motions under the reasonable belief that the plaintiff was pursuing a disparate impact claim. However, regardless of whether the plaintiff is asserting a disparate impact or a disparate treatment claim, there is nothing in the EEOC charge that indicates the defendant had a rule or policy – *per se* or otherwise - with regard to employees with seizure disorders.

Plaintiff has failed to identify evidence sufficient to establish a dispute of fact with regard to the issue of exhaustion on his disparate (impact or treatment) claim or his failure to accommodate. As such, Plaintiff has failed to exhaust his administrative remedies with regard to these claims.

4. **Conclusion.**

Based on the above, defendant Alton & Southern Railway Company's Motion (Doc. 26) for Partial Summary Judgment is **GRANTED**. Plaintiff's claims for retaliation, failure to accommodate, and disparate impact/treatment are **DISMISSED** with prejudice. Plaintiff's Motion to Dismiss ADA Retaliation Claim (Doc. 31) is **DENIED** as moot.

In light of the dismissal of these claims, defendant's arguments with regard to punitive or emotional distress damages under these claims are moot. The remaining claim of discrimination in violation of the American with Disabilities Act will proceed.

**IT IS SO ORDERED.**

**DATED:**   4/25/2016

                                                  *s/J. Phil Gilbert*
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**