IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL R. REINACHER, | |
| Plaintiff, | |
| vs. | Case No. 14-cv-01353-JPG-DGW |
| ALTON & SOUTHERN RAILWAY COMPANY, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the timely motion of plaintiff Michael R. Reinacher to alter or amend the judgment in this case pursuant to Federal Rule of Civil Procedure 59(e) or for a new trial pursuant to Federal Rule of Civil Procedure 59(a)(1)(B) (Doc. 73). The Court also considers the motion under other potentially applicable rules providing for post-judgment relief. The defendant filed a Response in Opposition (Doc. 74).

1. **Background.**

On August 24, 2016, the Court entered judgment in this case following rulings on dispositive motions and a bench trial on the remaining issues. Mr. Reinacher now asks the Court to alter that judgment and to grant him a new trial. Specifically, Mr. Reinacher argues that several Findings of Facts and Conclusion of Law require correction; that other Findings of Facts and Conclusion of Law should be deleted or removed as they are misleading or irrelevant; and that applicable law requires judgment in favor of Mr. Reinacher.

2. **Standard.**

Under Rule 59(e), the Court has an opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of

law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Rule 59(a)(1)(B) allows the Court to grant a new bench trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Those reasons include a manifest error of law or mistake of fact, which must amount to a substantial reason. 11 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 2804 (3d ed. Supp. 2016); *Ball v. Interoceanica Corp.*, 71 F.3d 73, 76 (2d Cir. 1995). Alternatively, under Rule 59(a)(2), the Court has discretion to "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." *See e.g., Johnson v. Hix Wrecker Serv., Inc.*, 528 Fed. App'x 636, 639 (7th Cir. 2013). The purpose of these rules is to allow the Court an opportunity to correct its own mistakes to avoid unnecessary appellate proceedings. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

In addition, Rule 52(b) allows the Court, in its discretion, to "amend its findings – or make additional findings – and . . . amend the judgment accordingly." To obtain relief under Rule 52(b), a party must "raise questions of substance by seeking reconsideration of material findings of fact or conclusions of law to prevent manifest injustice or reflect newly discovered evidence." 11 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 2582 (3d ed. Supp. 2016). Rule 52(b) does not provide an opportunity to relitigate a case, to present new evidence that could have been presented before, or to advance a new legal theory. *Id.*

3. Analysis.

The first argument presented by Mr. Reinacher is that this Court's finding of a single adverse employment action is inconsistent with the undisputed testimony. This finding was fully explained in the findings of fact. The Court acknowledges that the testimony indicated that there were changes in the length of the restrictions and percentile risks of future seizures. However, as indicated in the conclusions of law, the "continuing violation" doctrine is limited to claims of hostile work environment and Mr. Reinacher presents no intervening change in law.

Next, Mr. Reinacher argues that Finding of Fact ¶ 43 is not supported by the evidence. Specifically, the Court's finding of fact of 76 percent chance of having a fourth seizure is based on individuals not on anti-seizure medication. The Court acknowledges that Dr. Holland's testimony was based on cumulative risk without anti-seizure medication as noted in the footnote to Finding of Fact ¶ 41. Finding of Fact ¶ 43 was based on ¶ 41; therefore, an additional footnote was not necessary to indicate that the Court was aware of the basis of Dr. Holland's statistical testimony.

Mr. Reinacher also argues that the Court is required to consider all evidence and should not have disregarded evidence beyond the determined adverse employment action date of December 8, 2011. Again, this finding was fully explained in the Court's conclusions of law with regard to when the discriminatory act occurred and whether Mr. Reinacher presented a direct threat at that time. Mr. Reinacher presents no intervening change in law that would require the Court to alter its determination.

Mr. Reinacher is correct that the Court mistaking put "2011" instead of "2009" in the second full paragraph on page 15 with regard to the year of plaintiff's accident. This conclusion was based on Finding of Fact ¶ 12 which correctly stated that the motor vehicle accident

occurred on "November 15, 2009." As such, it is not a manifest error of fact, but simply a typographical error.

Finally, Mr. Reinacher's argument that the applicable law requires judgment in his favor is not supported. Regardless of whether the Court had added as a Finding of Fact that a neurologist at Washington University opined that Mr. Reinacher's, "prognosis for complete seizure control remains very good," it would not change the judgment of this Court. There would still remain, as the Court found, a risk of Mr. Reinacher suffering another seizure while working in and around live tracks. Even if the Court misconstrued the exact percentile risk, the testimony indicated – and the parties agree – that the risk remains. As such, the Court does not believe it is relevant or necessary to add the prognosis from the Washington University neurologist.

The Court also does not believe it is relevant or necessary to include within the findings of fact that the defendant has not removed all individuals within its employment that have epilepsy. Simply because the defendant has not completed its review of every individual within its employment to determine whether they have epilepsy or some type of seizure disorder is not relevant to the determination with regard to Mr. Reinacher. Mr. Reinacher suffered a seizure at work and at that point, the defendant was required to make an individual evaluation of Mr. Reinacher.

The Court agrees with the defendant's brief in opposition that Mr. Reinacher has not shown he has newly discovered material evidence, that there has been an intervening change in the law, or that the Court has made a manifest error of law or fact. Nor has Mr. Reinacher shown a good reason to reopen the proceedings to take additional material testimony, to amend the findings of fact or conclusions of law, or to make new ones. Instead, Mr. Reinacher basically

raises the same issues that were raised in his post-trial brief and which were explained in the Court's conclusions of law.  Finally, Mr. Reinacher's motion does not allege that he will suffer injustice under the existing judgment.

Based on the above, the Court **DENIES** Mr. Reinacher's Motion (Doc. 73) for New Trial, or in the alternative, To Alter or Amend the Court's Judgment because he has presented no substantial reason for revisiting the Court's judgment in this case.  The Court advises Mr. Reinacher that if he wishes to appeal the judgment in this case or this order, he must file a notice of appeal in this Court within 30 days of entry of this order, Fed. R. App. P. 4(a)(1)(A), (a)(4)(A) & (a)(4)(B)(ii), or within any extension of that deadline authorized by the Court, Fed. R. App. P. 4(a)(5).

**IT IS SO ORDERED.**

**DATED:**   11/21/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**